**BRADSHAW et v HUGHES et**

Ohio Appeals, 6th Dist, Sandusky Co

No 287.   Decided Nov 13, 1933

Ludwig & Hyzer, Fremont, for plaintiffs in error.

Culbert & Culbert, Fremont, for defendants in error.

**OPINION**

By WILLIAMS, J.

This case was originally submitted on briefs and the court entered a judgment of affirmance without filing any written opinion. Since then an application for rehearing has been filed setting forth new reasons for reversal not before presented to this court, as the application states. We are therefore constrained to reconsider the matter and write an opinion.

The petition names many plaintiffs, each of whom has a claim for day labor amounting to less than $100.00. All these laborers have joined in the petition and seek to recover personal judgments against the contractor, who contracted with the county commissioners to do work on an improvement known as "The Gibsonburg Trunk Sewer Improvement, located in Gibsonburg, Ohio", the sureties on the bond given by such contractor and the Board of County Commissioners. As indicated, the petition concludes with a prayer for a judgment in favor of the plaintiffs and each of them against all of the defendants and "such other relief as may be just and proper." Some amendment seems to have been made to the petition, but it is not clear from the record itself, because if there was such an amendment it was made to the original petition, and it does appear that a page therein has been changed. However that may be, the court sustained a demurrer to the amended petition upon the ground that there was a misjoinder of parties plaintiff and the plaintiffs not desiring to plead further, the amended petition was dismissed.

The contention of plaintiffs in error now is that, as there is a fund in which various parties claim an interest, such parties may be joined as plaintiffs and counsel for plaintiffs in error cite Clark, Exr. v McClain

Firebrick Co., 100 Oh St, 110. It is doubtful whether that case goes as far as counsel claim, for, if it does, it would permit persons who claimed mortgage liens by virtue of separate mortgages covering the same piece of real estate to be joined as plaintiffs in foreclosing the mortgage liens. The difficulty of applying the principle, even if we hold it to be as broad as counsel for plaintiffs in error contend, is that the amended petition does not set out that there is any fund, nor does it ask that any fund be brought into court and distributed.

The mere fact that labor claims might be preferred where there is a fund does not, in our judgment. warrant the joinder of several labor claimants as plaintiffs in a suit upon the bond.

For the reasons given the application for a rehearing will be denied.

RICHARDS and LLOYD, JJ, concur.